IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 3:09-CR-396

BRANDON PIEKARSKY
DERRICK DONCHAK,

Defendants

## BRIEF IN SUPPORT OF THE UNITED STATES' MOTION *IN LIMINE* TO EXCLUDE IMPROPER CHARACTER EVIDENCE

COMES NOW, the United States of America ("the Government"), by and through undersigned counsel, to respectfully submit this Motion *In Limine* to Exclude Improper Character Evidence ("Motion"). Specifically, the United States seeks an Order from this Court that will preclude the defendants from: 1) attempting to introduce irrelevant evidence, making prejudicial statements, or asking prejudicial questions about the character of the victim in this case; and 2) attempting to introduce character evidence not related to truthfulness for the purpose of impeaching prosecution witnesses. In support of this Motion, the Government submits as follows:

### BACKGROUND

The United States anticipates that the defendants intend to employ the trial strategy of attacking the victim based on prior convictions or alleged arrests, his immigration status, and other prior "bad acts". Similarly, the United States anticipates that defense counsel will attempt to impeach the credibility of certain Government witnesses based on criminal convictions and prior bad acts that do not involve fraud or false statements and, therefore, are not proper subjects

1

for impeachment under the Federal Rules of Evidence or the law of this Circuit. Thus, for the reasons set forth below, the United States respectfully requests that at trial the Court grant its Motion.

## ARGUMENT

Rule 404 of the Federal Rules of Evidence "deals with the basic question [of] whether character evidence should be admitted" in a criminal case. Fed. R. Evid. 404, advisory committee's note. Where, as here, character is not an element of a crime, claim, or defense, the use of character evidence is "circumstantial," meaning that it is used to infer that a person acted consistent with his character on a specific occasion. Id. This type of evidence is generally disfavored because:

> [c]haracter evidence is of slight probative value and may be very prejudicial. It tends to distract the trier of fact from the main question of what actually happened on the particular occasion. It subtly permits the trier of fact to reward the good man and to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened.

Id. (Internal quotations and citations omitted).

### A. Character of the Victim

   1. <u>Evidence Concerning the Character of the Victim Is Inadmissible Because It Is Not Pertinent To The Issues Before the Jury.</u>

Under Rule 404(a) (2), the defendants are limited to character evidence that relates to a "pertinent trait of character" of the victim. This is not a carte blanche to besmirch a victim's character. Rather, to be admissible, the character trait in question must be one that is pertinent to the issues before the jury – that is, whether the victim possesses the trait must make a fact of consequence to the determination of the case more or less probable. <u>United States v. Angelini</u>,

678 F.2d 380, 381 (1st Cir. 1982). As such, the focus of our inquiry turns to potential character traits of the victim and whether any are pertinent to issues in the case.

Here, the defendants are accused of the racially motivated beating death of the victim and defendant Donchak is also charged with obstructing justice. As such, the character of the victim is wholly irrelevant to any legally-permissible defense and is, therefore, not "pertinent" to issues before the jury. The United States asks the Court to exclude any reference to the victim's character, including but not limited to the following concerns: 1) the victim's immigration status, 2) the alleged romantic relationship between the victim and R.R., 3) allegations that the victim may have sold illegal drugs, and 4) allegations that the victim used an alias.

### 2. Even if Admissible, Evidence Concerning the Character of the Victim Should Be Excluded.

To the extent that evidence regarding the victim's other acts or character is potentially relevant, it should be excluded under Rule 403. Rule 403 states that evidence of a pertinent character trait of a victim must be excluded if its probative value is substantially outweighed by the "danger of unfair prejudice, confusion of the issues, or misleading the jury. Fed. R. Evid. 403. Character evidence relating to a victim is particularly susceptible to these dangers because of the potential that such evidence will be used simply to tarnish a victim by suggesting a propensity to commit bad acts, thus encouraging jury nullification. E.g., McCormick on Evidence § 193 at 572 (Cleary ed. 1984) (explaining that character evidence relating to a victim is disfavored because "[l]earning of the victim's bad character could lead the jury to think the victim merely 'got what he deserved' and to acquit for that reason."). This is especially true of allegations concerning the victim's immigration status and any alleged relationship with R.R., as well as any suggestion that the victim was a criminal or otherwise deserving of being beaten to

death. Thus, even where a character trait is pertinent, evidence of an adverse trait frequently should be excluded pursuant to Rule 403.

**B. Character of Prosecution Witnesses**

Rule 404(a)(3) states that Rules 607, 608, and 609 govern evidence relating to the character of a witness. FED. R. EVID. 404(a)(3). These rules – particularly Rule 608 – authorize the use of character evidence to challenge or support the credibility of a witness. Fed. R. Evid. 608(a). This exception applies to all witnesses who testify at trial, including the victim and the defendants, should they choose to testify. Mason v. Mitchell, 320 F.3d 604, 635-36 (6th Cir. 2003). This exception is limited in a number of ways. Most significantly, only evidence relevant to the character trait of truthfulness is permitted. Fed. R. Evid. 608(a) ("the evidence may refer only to character for truthfulness or untruthfulness"); see Fed. R. Evid. 608, advisory committee's note ("In accordance with the bulk of judicial authority, the inquiry is strictly limited to character for veracity, rather than allowing evidence as to character generally."); see also United States v. Candoli, 870 F.2d 496, 506 (9th Cir. 1989). Additionally, evidence of a witness's propensity to be truthful is not admissible unless the witness's character for truthfulness has been attacked. FED. R. EVID. 608(a).

    1. Prior Bad Acts or Misconduct

Rule 404(b) of the Federal Rules of Evidence provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). Instead, other crimes, wrongs, or acts are admissible only insofar as they are probative of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *Id.* Of course, as with all evidence, Rule 404(b) evidence must be relevant to a disputed issue in the case. The United States believes

that the defendants may be privy to embarrassing and salacious details concerning prior conduct by the victim and also certain Government witnesses. It would be improper for the defendants to introduce evidence or cross-examine these witnesses concerning such prior conduct because it bears no relation to the witness's character for veracity. For example, C.D. and R.R. are alleged to have been involved in a physical conflict concerning their respective relationships with the victim. This incident is not relevant to either witness's propensity for truthfulness. This type of evidence is not admissible merely to establish that the witness is "a bad person or a 'non-saint'" and should, therefore, be excluded. United States v. Neely, 980 F.2d 1074, 1080 (7th Cir. 1992).

    2. Prior Convictions

The United States believes that the defendants may attempt to introduce evidence concerning Jesse Gomez's misdemeanor plea to criminal mischief for destruction of property. Although Rule 609 allows for the admission of evidence of misdemeanor convictions, it severely restricts the circumstances under which it is appropriate. Under subsection (a)(2), prior misdemeanor convictions are admissible only if they involve dishonesty or false statements. Fed. R. Evid. 609(a)(2). Because Jesse Gomez's misdemeanor conviction does not involve dishonesty or false statements, it is not the proper subject for impeachment during trial.

The United States respectfully requests that the Court prohibit any attempt by the defendants to conduct improper impeachment by inquiring into the victim's or any Government witness' unimpeachable convictions, mere arrests, or other alleged "bad acts" not relevant to the offenses for which the defendant is being tried. Should any Government witness have a conviction, or prior bad act that is the proper subject for impeachment, the United States request that defense counsel should be instructed not to address impeachment evidence during opening argument and also, that the scope of impeachment evidence during cross examination be restricted.

## CONCLUSION

For the reasons set forth above, the United States respectfully requests that the Court exclude the improper impeachment evidence outlined in this motion.

Respectfully submitted this 21st day of September, 2010.

>THOMAS E. PEREZ
>Assistant Attorney General
>Civil Rights Division
>United States Department of Justice
>
>/s/    Myesha K. Braden
>MYESHA K. BRADEN - DC #461485
>U.S. Department of Justice
>Civil Rights Division
>950 Pennsylvania Avenue, NW
>Patrick Henry Bld., 5th Floor
>Washington, D.C. 20530
>Tel:    202.305.1483
>Fax:   202.514.8336

# **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing Government's Motion was sent, by electronic filing and/or first class, postage prepaid mail, to:

      James A. Swetz, Esquire
      Cramer, Swetz & McManus, P.C.
      711 Sarah Street
      Stroudsburg, PA 18360

      Counsel for defendant Brandon Piekarsky

      William A. Fetterhoff, Esq.
      Fetterhoff and Zilli
      218 Pine Street
      P.O. Box 1161
      Harrisburg, PA 17108-1161

      Counsel for defendant Derrick Donchak


      /s/ Myesha Braden
      MYESHA BRADEN
      Trial Attorney
      Criminal Section, Civil Rights Division

Date: September 21, 2010