IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.                                     CRIMINAL NO. 3:09-CR-396

BRANDON PIEKARSKY
DERRICK DONCHAK,

Defendants

## BRIEF IN SUPPORT OF THE UNITED STATES' MOTION *IN LIMINE* TO EXCLUDE IRRELEVANT, IMPROPER AND INADMISSIBLE EVIDENCE

COMES NOW, the United States of America ("the Government"), by and through undersigned counsel, to respectfully submit this Motion *In Limine* to Preclude Irrelevant Evidence ("Motion"). Specifically, the United States seeks an Order from this Court that will preclude the defendants from introducing irrelevant evidence, making prejudicial statements, or asking prejudicial questions about: 1) the status of United States Counsel as "Washington, DC" or "out-of-town" lawyers or otherwise suggesting political motivations for the instant prosecution; 2) the Government's responses to discovery requests, and 3) the U.S. Census practice of distinguishing race and ethnicity for the purpose of data collection. The Government makes this Motion in order to narrow the issues for trial, exclude irrelevant, extraneous, or unduly prejudicial arguments or evidence, and expedite this Court's determination of legal disputes likely to arise during trial.

## BACKGROUND

The defendants are charged with violating 42 U.S.C. § 3631, which is part of the Fair Housing Act, and makes it a crime to interfere by force or threat of force, because of race, sex,

1

color, national origin or handicap, with a person's occupancy of a dwelling. Defendant Donchak is also charged with offenses involving obstruction of justice under 18 U.S.C. § 1519.

In their Objections to the Proposed Jury Questionnaire, the defendants accused the Government of "trying to politicize this case from the beginning." (Defendants' Objections to Government's Proposed Questions at 4.) In that same pleading and in subsequent hearings, the defendants have argued that "this case does not involve an issue of race, but rather, ethnicity" and support their argument by citing to documentation regarding the U.S. Census practice of collecting ethnicity data (Id. at 2.) Finally, despite the voluminous discovery provided by the Government, the defendants have repeatedly suggested that they have not received items which they desire and have a right to. In fact, in their Joint Pre-Trial Motion, the defendants suggested that the Government was somehow mounting a "trial by ambush." (Brief in Support of Defendants Joint Pre-Trial Motion at 19.)

As more fully discussed below, none of these issues are relevant to the consideration of whether the defendants used force to interfere with the victim's housing rights because of the victim's race. The United States, therefore, moves this Court for an Order precluding the defendants from offering any evidence, presenting any testimony and making any of the arguments described herein.

## ARGUMENT

Criminal defendants have the right to present evidence and call witnesses in their own favor. Pennsylvania v. Ritchie, 480 U.S. 39, 46 (1987). However, it is well established that this right is not without limit. "The accused [do] not have an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence." Taylor v. Illinois, 484 U.S. 400, 410 (1988); see also United States v. Anderson, 872 F.2d 1508, 1519 (11th Cir. 1989)(trial court has discretion to exclude evidence that is irrelevant, confusing or

misleading); United States v. Tarantino, 846 F.2d 1384, 1410 (D.C. Cir. 1988) (defendant cannot introduce evidence that "bears no relevance to any elements of the crimes charged or to any affirmative defense to those crimes").

Rule 401 of the Federal Rules of Evidence defines relevant evidence as that "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probably than it would be without the evidence." Fed. Rule Evid. 401. Evidence that is not relevant is not admissible. Fed. Rule Avid. 402. When determining whether evidence is relevant, the Court must determine whether two prerequisites have been met: (1) the evidence must tend to prove the matter sought to be proved and 2) the matter sought to be proved must be one that is of consequence to the determination of the action. See United States v. Hall, 653 F.2d 1001,1005 (5th Cir. 1981). "[C]ourts of [A]ppeals afford broad discretion to a district court's evidentiary rulings." Spring/United Management Company, v. Mendelsohn, 552 U.S. 379, 384 (2008)." Because district courts are accorded wide discretion in determining the admissibility of evidence under the Federal Rule, a trial court's "rulings to admit or exclude evidence are reviewed for abuse of discretion if they are based on a permissible interpretation of the Federal Rules of Evidence." Renda v. King, 347 F.3d 550, 553 (3d Cir. 2003).

**A. The Court Should Preclude Arguments or Testimony Regarding the Status of United States Counsel as "Washington, DC," or "out-of-town" Lawyers or Otherwise Suggesting a Political Motivation For The Instant Prosecution.**

The United States moves this Court to preclude the defendants from making statements and asking questions designed to portray that counsel for the United States are "Washington, DC" or "out-of-town" lawyers or suggesting that they possess any political motivation for bringing the instant prosecution. Any comments designed to label Government counsel as "outsiders" or suggest an improper motivation for the instant prosecution would be unfairly prejudicial.

3

Moreover, such comments are irrelevant to the case and improper pursuant to ABA Model of Professional Responsibility, DR 7-106(c)(1), which provides: "In appearing in his professional capacity before a tribunal, a lawyer shall not state or allude to any matter that he has no reasonable basis to believe is relevant to the case or that will not be supported by admissible evidence." See also id., EC 7-37 ("A lawyer should not make unfair or derogatory personal reference to opposing counsel.").

### B. The Court Should Preclude Arguments or Testimony Regarding Discovery Requests or Commentary Regarding Discovery in the Presence of the Jury

The Government respectfully moves the Court to preclude defense counsel from requesting discovery from witnesses or Government counsel, moving the Court for such discovery, or otherwise commenting on discovery matters, in the presence of the jury. Such requests from counsel in front of the jury are inappropriate and may create the impression that one side has suppressed information as a means of seeking an unfair advantage. In fact, as often happens, counsel's requests are ill-founded because the discovery has already been tendered or is not subject to disclosure. In any event, these requests, if appropriate, can easily be made to the Court or Government counsel outside the presence of the jury with no prejudice resulting to either side. Accordingly, the Government moves that requests for discovery or comments relating to discovery be made outside the presence of the jury. This system has been used in other cases and has worked well. The Government believes it is a fair and sensible one to employ here. See generally Thompson v. Glenmede Trust Co., 1996 WL 529693 (E.D.Pa. 1996) ("Rather than focus on the issues in the case, the jury may instead be misled by the irrelevant side issues of the discovery process. Therefore, the Court will not permit either party to refer to the discovery process in the presence of the jury at trial.").

### C. The Court Should Preclude Arguments and Testimony Concerning The Issue of "Race v. Ethnicity"

The defendants have argued that "this case does not involve an issue of race, but rather, ethnicity." (Defendants' Objections to Government's Proposed Questions at 2.) The Government anticipates that the defendants may attempt to submit evidence and argument that their criminal acts should be excused because they were motivated by ethnicity not race. Such an argument would serve only to confuse the jury into mistakenly believing that there is some legal distinction in § 3631 between violence motivated by race and that motivated by ethnicity.

Clearly, race and ethnicity are inherently intertwined, particularly in the case of Hispanic defendants. Defendants' own exhibit, U.S. Census Bureau Directive No. 15, clearly states that the racial and ethnic distinctions set forth therein are merely for the purpose of data collection, and provides options for the designation of "Hispanic" as either a race or an ethnicity. (Def. Exhibit 1, Page 7-8 of 9; Directive 15, page 1-2). Historically, the Supreme Court itself has recognized the "Mexican race" as one falling under the protections of the 13th Amendment, See The Slaughterhouse Cases, 83 U.S. 36, 72 (1872) ("If Mexican peonage or the Chinese coolie labor system shall develop slavery of the *Mexican or Chinese race* within our territory, [the Thirteenth Amendment] may safely be trusted to make it void.") (Emphasis added); see also United States v. Nelson, 277 F.3d 164, 178 and n.14 (2d Cir. 2002) (explaining why Congress had power to protect Jews as a Race against racially motivated violence)§ 245(b)(2). In the absence of a limiting ruling from the Court, the cross examination of Government experts or other witnesses can easily dissolve into arguments on the law, which would needlessly confuse the jury and prolong the trial. Such a result is clearly contrary to the principles in Rules 403 and 102 of the Federal Rules of Evidence. The evidence and argument concerning "race vs. ethnicity" should thus be excluded.

## CONCLUSION

For the reasons set forth above, this Court should grant the United States Motion and issue an Order excluding evidence, arguments and testimony concerning: 1) the status of United States Counsel as "Washington, DC" or "out-of-town" lawyers or otherwise suggesting political motivations for the instant prosecution; 2) the Government's responses to discovery requests, and 3) the U.S. Census practice of distinguishing race and ethnicity for the purpose of data collection.

Respectfully submitted this 21st day of September, 2010.

    THOMAS E. PEREZ
    Assistant Attorney General
    Civil Rights Division
    United States Department of Justice

    /s/    Myesha K. Braden
    MYESHA K. BRADEN - DC #461485
    U.S. Department of Justice
    Civil Rights Division
    950 Pennsylvania Avenue, NW
    Patrick Henry Bld., 5th Floor
    Washington, D.C. 20530
    Tel:    202.305.1483
    Fax:  202.514.8336

# **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing Government's Motion was sent, by electronic filing and/or first class, postage prepaid mail, to:

      James A. Swetz, Esquire
      Cramer, Swetz & McManus, P.C.
      711 Sarah Street
      Stroudsburg, PA 18360

      Counsel for defendant Brandon Piekarsky

      William A. Fetterhoff, Esq.
      Fetterhoff and Zilli
      218 Pine Street
      P.O. Box 1161
      Harrisburg, PA 17108-1161

      Counsel for defendant Derrick Donchak


      /s/ Myesha Braden
      MYESHA BRADEN
      Trial Attorney
      Criminal Section, Civil Rights Division

Date: September 21, 2010