AO 245 B (Rev. 09/08) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

VS.

JUDGMENT IN A CRIMINAL CASE

DERRICK DONCHAK

CASE NUMBER: 3:CR-09-396-02
USM NUMBER:67863-067

WILLIAM A. FETTERHOFF, ESQ.
Defendant's Attorney

**THE DEFENDANT:**
[ ] pleaded guilty to count_____.
[ ] pleaded nolo contendere to count(s)_____
    which was accepted by the court.
[X] was found guilty on counts _one (1), two (2) and three (3)_ after a plea of not guilty.

**The defendant is adjudicated guilty of these offenses:**

| Title/Section | Nature of Offense | Offense Ended | Count Number(s) |
|---|---|---|---|
| 42:3631 & 2 | Fair Housing Act - Death Resulting | July 2008 | Ct. 1. |
| 18:371 | Conspiracy to Obstruct Justice | March 2009 | Ct. 2. |
| 18:1519 & 2 | Falsification of Record in Federal Investigations and Aid & Abet | August 2008 | Ct. 3. |

   The defendant is sentenced as provided in pages 2 through _5_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.
[ ] The defendant has been found not guilty on count(s)_____.
[X] Count _four (4)_ is dismissed by the Court.

   IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence or, mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material change in economic circumstances.

February 23, 2011
Date of Imposition of Sentence

_____
A. RICHARD CAPUTO
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF PENNSYLVANIA

Feby 24, 2011
Date

Defendant: DERRICK DONCHAK  
Case Number: 3:CR-09-396-02  
Judgment-Page _2_ of _5_

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of one hundred eight (108) months. This term consists of terms of one hundred eight (108) months on each of Counts 1 and 3, and thirty (30) months on Count 2, to run concurrently. The Court determined that a departure of seven (7) months imprisonment pursuant to U.S.S.G. § 5G1.3 was warranted to reflect the term of imprisonment already served on the undischarged term of imprisonment that would not be credited to the federal sentence by the Bureau of Prisons.

In determining this sentence, I have considered the Sentencing Guidelines as well as the purpose of Title 18 U.S.C. § 3553(a) namely -
(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence I impose
   (A) to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment of the offense;
   (B) to afford adequate deterrence to criminal conduct;
   (C) to protect the public from further crimes of the defendant; and,
   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(4) the need to provide restitution to any victims of the offense.

Moreover, I find the sentence imposed is reasonable.

You can appeal your conviction if you believe that your guilty plea was somehow unlawful or involuntary, or if there is some other fundamental defect in the proceedings that was not waived by your guilty plea. You also have a statutory right to appeal your sentence under certain circumstances, particularly if you think the sentence is contrary to law. With few exceptions, any notice of appeal must be filed within 14 days after sentence is imposed on you.
If you are unable to pay the cost of an appeal, you may apply for leave to appeal in forma pauperis. If you so request, the Clerk of the Court will prepare and file a notice of appeal on your behalf."

[X] The court makes the following recommendations to the Bureau of Prisons:
The Court recommends that the Bureau of Prisons treat the defendant in a way that he will not be exposed to retribution by other inmates due to the nature of the instant federal offense. The Court further recommends that the defendant be designated to a facility proximal to his family's residence in Shenandoah, Pennsylvania.

[X] The defendant is remanded to the custody of the United States Marshal.  
[ ] The defendant shall surrender to the United States Marshal for this district.

    [ ] at_____a.m./p.m. on_____.  
    [ ] as notified by the U.S. Marshal.  
[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,  
    [ ] before 2 p.m. on _____.  
    [ ] as notified by the United States Marshal.  
    [ ] as notified by the probation office.  
    [ ] The defendant is to contact the United States Marshal's Office no later than three days prior to the above date to be notified of the place of confinement.

## RETURN

I have executed this judgment as follows:

Defendant delivered on_____to_____at

_____, with a certified copy of this judgment.

_____  
United States Marshal

By_____  
Deputy Marshal

Defendant: DERRICK DONCHAK  
Case Number: 3:CR-09-396-02  
Judgment-Page 3 of 5

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>three (3) years. This term consists of terms of three (3) years on each of Counts 1 through 3, to run concurrently.</u>

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

[ ] The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[X] The defendant shall not possess a firearm, ammunition destructive device, or any other dangerous weapon.

[X] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable).

[ ] The defendant shall comply with the requirement of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901,et seq.) as directed by the probation officer, The Bureau of Prisons, or any state sex offender registration agency in which he or she resides works, is a student, or was convicted of a qualifying offense. (Check, if applicable).

[ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable).

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

**IT IS ORDERED** that the defendant shall pay to the Clerk, U.S. District Court, the sum of $300, consisting of a special assessment of $100 on each count for a total of $300. **IT IS FURTHER ORDERED** that the defendant shall make restitution in the amount of $550 payable to the Clerk, U.S. District Court, for disbursement to the Pennsylvania Office of Victim Services, Victims Compensation Assistance Program (VCAP).

**IT IS ORDERED** that no further payment shall be required after the sum of the amounts actually paid by this defendant and his co-conspirators has fully covered all of the compensable harm. During the term of imprisonment, the fine is payable every three months in an amount, after a telephone allowance, equal to 50 percent of the funds deposited into the defendant's inmate trust fund account. In the event the fine is not paid in full prior to the commencement of supervised release, the defendant shall, as a condition of supervised release, satisfy the amount due in monthly installments of no less than $100, to commence thirty (30) days after release from confinement.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached pages.

1) The defendant shall undergo a substance abuse evaluation and, if recommended, the defendant shall satisfactorily complete a program of outpatient or inpatient substance abuse treatment;

2) The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment schedule for payment of restitution, fines, or special assessment; and

3) The defendant shall provide the probation officer with access to any requested financial information.

## STANDARD CONDITIONS OF SUPERVISION

**1) the defendant shall not leave the judicial district without the permission of the court or probation officer;**
**2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;**
**3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;**
**4) the defendant shall support his or her dependents and meet other family responsibilities;**
**5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;**
**6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;**
**7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to such controlled substances, except as prescribed by a physician;**
**8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;**
**9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;**
**10) the defendant shall permit a probation officer to visit him or her at any time a home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;**
**11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;**

12) the defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
14) the defendant shall notify the Court of any material change in the defendant's economic circumstances that might affect the deft's ability to pay restitution, fines or special assessments.

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)_____

Date_____

_____
**U.S. Probation Officer/Designated Witness**

Date _____

Defendant: DERRICK DONCHAK  Judgment-Page  4 of  5
Case Number: 3:CR-09-396-02

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| Totals: | $100.00 | $ | $550.00 |

[ ] The determination of restitution is deferred until _____ . An Amended Judgment in a Criminal Case (AO 245 C) will be entered after such determination.

[X] The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. 3664(i), all non federal victims must be paid before the United States is paid.

| **NAME OF PAYEE** | **TOTAL LOSS** | **RESTITUTION ORDER** | **PRIORITY OF PERCENTAGE** |
|---|---|---|---|
| The Pennsylvania Office of Victim Services, Victims Compensation Assistance Program (VCAP) | $550.00 | $550.00 | |
| **TOTALS** | $550.00 | $550.00 | |

[ ] Restitution amount ordered pursuant to plea agreement $_____ .

[ ] The defendant shall pay interest on restitution and fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. 3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest, and it is ordered that:
    [ ] the interest requirement is waived for the   [ ] fine  [ ] restitution.
    [ ] the interest requirement for the [ ] fine [ ] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, for offenses committed on or after September 13, 1994 but before April 23, 1996.

Defendant: DERRICK DONCHAK  Judgment-Page 5 of 5
Case Number: 3:CR-09-396-02

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A [ ] Lump sum payment of $_____ due immediately, balance due
  [ ] not later than_____ or
  [ ] in accordance with [ ] C, [ ] D, [ ] E [ ] F below; or
B [ ] Payment to begin immediately (may be combined with [ ] C, [ ] D, or [ ] F below): or

C [ ] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____ over a period of
  _____(e.g., months or years), to commence _____(e.g., 30 or 60 days) after the date of this judgment; or
D [ ] Payment in equal _____(e.g., weekly, monthly, quarterly) installments of $_____ over a period of
  _____(e.g., months or years), to commence_____(e.g., 30 or 60 days) after release from imprisonment to a term of
Supervision; or
E [ ] Payment during the term of supervised release will commence within _____(e.g., 30 or 60 days) after release from
imprisonment. The Court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or
F [X] The defendant shall pay to the Clerk, U.S. District Court, the sum of $300, consisting of a special assessment of $100 on each count for a total of $300, due immediately. In the event the fine is not paid in full prior to the commencement of supervised release, the defendant shall, as a condition of supervised release, satisfy the amount due in monthly installments of no less than $100, to commence thirty (30) days after release from confinement.

  Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[X] Joint and Several
  Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.
Brandon Piekarsky (Dkt. No. 3:CR-09-396-01) - $550.00

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5)community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.